UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**ANDREW D. WETZEL**                                              **CIVIL ACTION**

**VERSUS**                                                        **NO. 09-0025**

**ST. TAMMANY PARISH JAIL**                                       **SECTION "A"(5)**
**ST. TAMMANY PARISH SHERIFF OFFICE**

**REPORT AND RECOMMENDATION**

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. §636(b)(1)(B) and (C), §1915e(2) and §1915A, and as applicable, 42 U.S.C. §1997e(c)(1) and (2). Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

**I.    FACTUAL SUMMARY**

The plaintiff, Andrew D. Wetzel, is incarcerated in the St. Tammany Parish Jail. Using the form provided to state prisoners for filing suit pursuant to 42 U.S.C. §1983, Wetzel filed this pro se and in forma pauperis complaint against the defendants, the St. Tammany Parish Jail, the St. Tammany Parish Sheriff's Office,

Warden Al Strain, Warden Gregory Longino, Sheriff Jack Strain, Jr., and Deputy Sheriff Bryan Wetzel.

Wetzel alleges that, on November 11, 2008, he fell in the shower and twisted his hand.[1] He indicates that he filed a complaint under the administrative remedy procedure because he did not have shower shoes, which precipitated the fall. He also alleges that the showers "offer no slip-fall protection," which also attributed to the fall. As a result, Wetzel seeks $30,000 for "medical and pain damages" and to have the shower areas repaired.[2]

## II. **STANDARDS OF REVIEW**

An in forma pauperis complaint may be dismissed if it is determined that the allegation of poverty is untrue, or if the action or appeal is frivolous, malicious, fails to state a claim for which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §1915(e)(2). The court has broad discretion in determining the frivolous nature of the complaint. See Cay v. Estelle, 789 F.2d 318 (5th Cir. 1986), modified on other grounds by Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993). In doing so, the court has ". . . not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those

---

[1] Rec. Doc. No. 1, p. 5¶IV.

[2] Id., p. 5¶V.

claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); see also Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994). Thus, a complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994) (citation omitted); Booker, 2 F.3d at 116.

### III. IMPROPER DEFENDANTS

Wetzel has named as defendants the St. Tammany Parish Jail and the St. Tammany Parish Sheriff's Office. Neither of these entities are proper defendants.

Section 1983 imposes liability on any "person" who violates another's constitutional rights while acting under color of state law. 42 U.S.C. §1983; see Will v. Michigan Dept. of State Police, 491 U.S. 58 (1989). Rule 17(b) of the Federal Rules of Civil Procedure provides that "capacity to sue or be sued shall be determined by the law of the state in which the district court is held." See Fed. R. Civ. P. 17(b).

According to Fed. R. Civ. P. 17(b), Louisiana law governs whether the sheriff's office or the jail are suable entities. Under Louisiana law, to possess such a capacity, an entity must qualify as a "juridical person," which is defined by the Louisiana Civil Code as "an entity to which the law attributes personality, such as a corporation or partnership." La. Civ. Code art. 24.

The State of Louisiana grants no such legal status to any Parish Sheriff's Office. Liberty Mut. Ins. Co. v. Grant Parish Sheriff's Dept., 350 So.2d 236 (La. App. 3d Cir. 1977). Thus, the parish sheriff's offices are not legal entities capable of suing or being sued. Ruggiero v. Litchfield, 700 F. Supp. 863, 865 (M.D. La. 1988). Accordingly, the St. Tammany Parish Sheriff's Office is not a juridical person capable of being sued under § 1983.

Similarly, under federal law, a county (or parish) prison facility, is not a "person" within the meaning of the statute. Cullen v. DuPage County, No. 99-C-1296, 1999 WL 1212570 at *1 (N.D. Ill. Dec. 14, 1999); Whitley v. Westchester County Correctional Facility Admin., No. 97-CIV-0420(SS), 1997 WL 659100 at *6 (S.D.N.Y. Oct. 22, 1997); Powell v. Cook County Jail, 814 F. Supp. 757, 758 (N.D. Ill. 1993); Hancock v. Washtenaw County Prosecutor's Office, 548 F. Supp. 1255, 1256 (E.D. Mich. 1982). In addition, a parish prison is not a proper defendant because it lacks capacity to be sued as required under Fed. R. Civ. P. 17(b) and Louisiana law.

Although Louisiana courts have not ruled on the issue of whether a parish jail is a juridical person that can sue or be sued, the Louisiana Supreme Court in Roberts v. Sewerage and Water Board of New Orleans, 634 So.2d 341 (La. 1994), set forth a framework within which to determine an entity's juridical status. The Court in Roberts stated:

> [t]he important determination with respect to the juridical status or legal capacity of an entity is not its creator, nor its size, shape, or label. Rather the determination that must be made in each particular case is whether the entity can appropriately be regarded as an additional and separate government unit for the particular purpose at issue. In the absence of positive law to the contrary, a local government unit may be deemed to be a juridical person separate and distinct from other government entities, when the organic law grants it the legal capacity to function independently and not just as the agency or division of another governmental entity. 1 Sands & Libonati, §2.18 and authorities cited therein, §§2.19, 2.20. Such a determination will depend on an analysis of specifically what the entity is legally empowered to do.

Roberts, 634 So.2d at 346-47. In concluding that the Sewerage and Water Board was capable of being sued, the Roberts court focused its analysis on the independent management, financing, and operations of the Board. See Id., at 352.

By contrast, in City Council of Lafayette v. Bowen, 649 So.2d 611, 616 (La. App. 3rd Cir. 1994), writ denied, 650 So.2d 244 (La. 1995), the Louisiana Third Circuit Court of Appeal held that under the Roberts analysis, the City Council of Lafayette had no capacity to sue or be sued. In so holding, the court expressly found "no authority, constitutional, statutory, or via home rule charter that authorizes the Lafayette City Council to institute of its own motion, a lawsuit." Bowen, 649 So.2d at 613.

Furthermore, Louisiana law divides the responsibility for its parish jails. The parish government is charged with its jails' physical maintenance. La. Rev. Stat. Ann. §15:702. However, the duty to administer and operate the jails falls on the sheriff of

5

each parish. La. Rev. Stat. Ann. §15:704. The office of sheriff is a constitutionally created office in Louisiana, existing separately from the parish government. La. Const. Art. 5 §27; see Langley v. City of Monroe, 582 So.2d 367, 368 (La. App. 2nd Cir. 1991) (The parish could not be liable for injuries attributed to the sheriff).

Under the Roberts framework, the St. Tammany Parish Jail is not "legally empowered to do" anything independently of either the parish officials or the parish sheriff. The prison is not a separate entity, but merely a shared branch or facility of these greater entities.

Thus, a parish jail is "not an entity, but a building." See Jones v. St. Tammany Parish Jail, 4 F. Supp.2d 606, 613 (E.D. La. 1998) (dismissing the St. Tammany Parish Jail with prejudice); accord Dale v. Bridges, No. 3:96-CV-3088-AH, 1997 WL 810033 at *1 n.1 (N.D. Tx. Dec. 22, 1997) (Dallas County Jail is not a jural entity capable of being sued).

Therefore, the claims against the St. Tammany Parish Jail and the St. Tammany Parish Sheriff's Office are frivolous and otherwise fail to state a claim for which relief can be granted pursuant to 28 U.S.C. §1915(e) and §1915A and 42 U.S.C. §1997e.

**IV. CLAIMS AGAINST THE REMAINING DEFENDANTS**

Wetzel also has named as defendants Warden Strain, Warden Longino, Sheriff Strain, and Deputy Wetzel. He does not allege any

action or inaction by any of these defendants. His complaint is based on his slip and fall in the shower, which he blames on the lack of shower shoes and the lack of "slip-fall protection" in the shower. These claims are frivolous.

Regardless of whether an inmate is a pretrial detainee or a convicted prisoner, however, the standard of liability is the same for episodic acts or omissions of jail officials of the type alleged in this case. Olabisiomotosho v. City of Houston, 185 F.3d 521, 526 (5th Cir. 1999); Hamilton v. Lyons, 74 F.3d 99, 104 n.3 (5th Cir. 1996); Hare v. City of Corinth, 74 F.3d 633, 650 (5th Cir. 1996). In Hare, the United States Fifth Circuit Court of Appeals held that the State owes the same duty under the Due Process Clause and the Eighth Amendment to provide both pretrial detainees and convicted inmates with basic human needs and that a jail official's liability for episodic acts or omissions cannot attach unless the official had subjective knowledge of a substantial risk of serious harm to the inmate but responded with deliberate indifference to that risk. Hare, 74 F.3d at 641-42, 646. The phrase "deliberate indifference" means that a prison official is liable "only if he knows that the inmates face a substantial risk of serious harm and [he] disregards that risk by failing to take reasonable measures to abate it." Farmer v. Brennan, 511 U.S. 825, 847 (1994). This standard applies to claims

of inadequate jail conditions, including inadequate medical care. See Hare, 74 F.3d at 650.

In addition, proof of an individual defendant's personal involvement in the alleged wrong is, of course, a prerequisite to his liability on a claim for damages under §1983. A state actor may be liable under §1983 only if he "was personally involved in the acts causing the deprivation of his constitutional rights or a causal connection exists between an act of the official and the alleged constitutional violation." Douthit v. Jones, 641 F.2d 345 (5th Cir. 1981); see also Watson v. Interstate Fire & Casualty Co., 611 F.2d 120 (5th Cir. 1980). Therefore, §1983 does not provide for a supervisory official, like a sheriff or warden, to be held vicariously liable or liable under a theory of respondeat superior simply because an employee or subordinate allegedly violated the plaintiff's constitutional rights. See Alton v. Texas A&M Univ., 168 F.3d 196, 200 (5th Cir. 1999); see also Baskin v. Parker, 602 F.2d 1205, 1220 (5th Cir. 1979).

In this case, Wetzel simply claims that he fell in the shower. He has not alleged that any of the named defendants were personally involved or were intentionally indifferent to a known risk of harm to him. He does not allege that the fall was more than an accident. However, acts of negligence do not implicate the Due Process Clause or violate the Eighth Amendment to give rise to a claim under §1983. See Daniels v. Williams, 474 U.S. 327, 328

(1986); see also Davidson v. Cannon, 474 U.S. 344 (1986); Hare, 74 F.3d at 641-42, 646.

Wetzel's §1983 claims against Warden Strain, Warden Longino, Sheriff Strain, and Deputy Wetzel are based on meritless legal theories and should be dismissed as frivolous, and otherwise for failure to state a claim for which relief can be granted pursuant to 28 U.S.C. §1915(e) and §1915A and 42 U.S.C. §1997e.

## **RECOMMENDATION**

For the foregoing reasons, **IT IS RECOMMENDED** that plaintiff's §1983 claims against the defendants, the St. Tammany Parish Jail, the St. Tammany Parish Sheriff's Office, Warden Strain, Warden Longino, Sheriff Strain, and Deputy Wetzel, be dismissed with prejudice as frivolous, and otherwise for failure to state a claim for which relief can be granted, pursuant to 28 U.S.C. §1915(e)(2)(b) and §1915A and 42 U.S.C. §1997e.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v.

United Services Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this 26th day of   January   , 2009.

```
                          _____
                              ALMA L. CHASEZ
                          UNITED STATES MAGISTRATE JUDGE
```